UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE BOURNE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:11CV309 (DJS) |
| | : | |
| CITY OF MIDDLETOWN, MICHAEL FRECHETTE, NANCY HAYNES, and MIDDLETOWN BOARD OF EDUCATION, | : : : : | |
| Defendants | : | |

## RULING ON MOTION TO COMPEL INDEPENDENT PSYCHOLOGICAL EVALUATION

On April 25, 2012, the plaintiff, Christine Bourne, filed an Amended Complaint (doc. # 70) seeking damages against the defendants, Michael Frechette ("Frechette"), Nancy Haynes ("Haynes"), the Middletown Board of Education ("Board of Education"), and the City of Middletown. The plaintiff has alleged numerous causes of action against the defendants, including violations of Conn. Gen. Stat. §31-51q, Conn. Gen. Stat. §31-51m, 42 U.S.C. §1983, on both First Amendment and Due Process grounds, and common law battery.

On June 12, 2012, the defendants Frechette, Haynes, and Board of Education filed a motion to compel an independent psychological examination of the plaintiff. For the following reasons, the defendants' motion to compel (doc. # 78) is hereby DENIED.

### I. BACKGROUND

In October 2008 Sebastian Guiliano, Mayor of the defendant City of Middletown, appointed the plaintiff to the position of Payroll Supervisor of the Board of Education. The

plaintiff alleges that the administration of the Board of Education was opposed to her appointment and lays out in her Amended Complaint a series of retaliatory acts that allegedly were committed by the defendants against her.

In February 2011 the plaintiff filed a complaint against the defendants in the Connecticut Superior Court. On February 25, 2011, the matter was removed to the United States District Court for the District of Connecticut. On April 25, 2012, the plaintiff filed an Amended Complaint.

In the course of responding to discovery requests by the defendants, the plaintiff has disclosed a variety of treatment records and medical records from both her primary care physician, Dr. Michael Goode, as well as a mental health clinician, Jessica Backer-Wilde, LCSW. The defendants also took the deposition of the plaintiff's mental health clinician, Ms. Backer-Wilde. The defendants have now moved to compel an independent psychological evaluation of the plaintiff.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination. . . ." Fed. R. Civ. P. 35(a)(1). Any such order " may be made only on motion for good cause. . . ." Fed. R. Civ. P. 35(a)(2)(A). "'The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled.'" *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D. Conn. 2006) (quoting *Yancey v. Hooten*, 180 F.R.D. 203, 207 (D. Conn. 1998)).

The standard articulated in Rule 35 cannot be met by "mere conclusory allegations of the pleadings - - nor by mere relevance to the case - - but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). The concepts of "in controversy" and "good cause" rise to a higher standard than mere "relevance" as articulated in Rule 26. *Id.* at 117−18. In particular, the good cause requirement "indicate[s] that there must be greater showing of need under Rule[] . . . 35 than under the other discovery rules." *Id.* at 118.

### III. DISCUSSION

"Rule 35… requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause' . . . ." *Schlagenhauf*, 379 U.S. at 118-19. The issue first raised by both parties is the degree to which the plaintiff's mental state is in controversy for the purposes of this case.

The use of an independent psychological evaluation is limited to the degree to which the plaintiff has entered her emotional state into controversy. Generally, a standard, "garden-variety" allegation of emotional distress in a complaint does not satisfy the requirements of Rule 35. *Cody v. Marriott Corp.*, 103 F.R.D. 421 (D. Mass. 1984) summarizes the view that a party's mental condition is not "in controversy" simply because that party claims damages for emotional distress:

> The "good cause" and "in controversy" requirements of Rule 35 make it very apparent that sweeping examinations of a party who has not affirmatively put into issue [her] own mental . . . condition are not to be automatically ordered merely because the person has made a claim of emotional distress. To hold otherwise

> would mean that such examinations could be ordered routinely in cases where there is a claim of damages for emotional distress. Plaintiff has not placed her mental condition "in controversy" by asserting a claim of damages for physical and emotional distress.

*Id*. at 422.[1](internal quotation marks and citations omitted). In a majority of cases that give rise to an order under Rule 35, there has either been "a separate tort claim for emotional distress or ongoing severe mental injury . . . ." *Holt v. Ayers*, No. CV F-97-6210-AWI, 2006 WL 2506773, at *5 (E.D. Cal. Aug. 29, 2006); *accord Bridges v. Eastman Kodak Co.,* 850 F. Supp. 216, 222 (S.D.N.Y. 1994); *Curtis v. Express, Inc.*, 868 F. Supp. 467, 469 (N.D.N.Y. 1994).

The defendants have encouraged the utilization of the standard articulated in *Gattegno v. Pricewaterhousecoopers, LLP*, 204 F.R.D. 228 (D. Conn. 2001). *Gattegno* recognized five distinct situations where a court may order a plaintiff to undergo mental examinations. They are as follows: "'1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35 (a).'" *Id.* at 231 (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).

The Court finds that the instant case does not fall within any of the criteria identified above. The plaintiff has not included in her pleadings a claim for intentional or negligent infliction of emotional distress, nor has she alleged any specific form of mental or psychiatric

---

[1] The Court recognizes that there is some disagreement with the reasoning employed in *Cody*. *See Curtis v. Express, Inc.*, 868 F. Supp. 467, 468 (N.D.N.Y. 1994) (recognizing the disagreement). However the only decision to completely reject the *Cody* reasoning was *Jansen v. Packaging Corp. of America*, 158 F.R.D. 409, 410 (N.D. Ill. 1994). This Court does not find the *Jansen* decision persuasive. That decision did not provide a rationale for its rejection of *Cody* beyond stating that "this Court disagrees entirely with the analysis and conclusion reached by the Magistrate in *Cody*." *Id.*

4

injury or disorder. The defendants appear to blur the distinction between "a specific mental or psychiatric injury or disorder," *id.*, and emotional distress by arguing that the plaintiff's "emotional condition" is at issue in this case. (Doc. # 84, at 2-5.) *See Cody*, 103 F.R.D. at 422 ("Plaintiff has not placed her mental condition 'in controversy' by asserting a claim of damages for . . . emotional distress.").

Merely including pleadings that allege emotional distress does not amount to a concession on the part of the plaintiff that such distress falls within the grasp of Rule 35. The defendants contend that by disclosing medical records and allowing for the deposition of Ms. Backer-Wilde to be taken, the plaintiff "has conceded that her emotional condition is at issue." (Doc. # 84, at 4.) The Court does not view these facts as a concession by the plaintiff that "her mental condition is 'in controversy' within the meaning of Rule 35 (a)." *Gattegno*, 204 F.R.D. at 231(internal quotation marks omitted). The defendants also seem to suggest that these same acts, i.e., disclosing medical records and permitting the deposition of Ms. Backer-Wilde, indicate that the plaintiff intends to proffer expert testimony to support her claims. However, the plaintiff herself has acknowledged that she "has disclosed no experts," (doc. # 81, at 7), and the discovery period has ended. Under these circumstances, the Court construes the plaintiff's statement as a representation that she will not seek to offer expert testimony to support her claim of emotional distress, and the Court accepts and relies upon this representation.

The defendants also argue that the plaintiff has claimed "unusually severe emotional distress" similar to that claimed by the plaintiff in *Kaytor v. Electric Boat Corp.*, No. 3:06CV01953 (DJS), 2007 WL 4322546 (D. Conn. Dec. 11, 2007). In *Kaytor*, this Court granted the defendant's motion to compel a mental examination of the plaintiff. In so doing, the Court found not only that the plaintiff had alleged ongoing emotional distress for which she was

5

seeking treatment, but also that her Amended Complaint alleged "severe" emotional distress for which she was seeking damages in the stated amount of $10,000,000. Additionally, the Court agreed with the defendant "that one of Kaytor's retaliation claims, wherein she alleges that she was retaliated against for apparently not submitting to a psychiatric examination, puts Kaytor's mental condition in controversy." *Id.*, 2007 WL 4322546, at *4.  Given the absence of these considerations in the instant case, the Court does not agree with the defendants that the plaintiff here is "in very similar circumstances" to the plaintiff in *Kaytor*. (Doc. # 84, at 4.)

The Court also finds this case to be distinguishable from both *Hodges v. Keane*, 145 F.R.D. 332 (S.D.N.Y. 1993), which involved a diagnosed paranoid schizophrenic whose medical condition may have affected his trial testimony, and *Duncan v. Upjohn*, 155 F.R.D. 23 (D. Conn. 1994), a negligence action wherein the plaintiff claimed the defendant's psychiatric drug caused such severe mental injury that the plaintiff needed to be institutionalized.  There is nothing before the Court suggesting that the plaintiff in the instant matter has ever been institutionalized or diagnosed with a severe mental disorder. The cases cited by the defendants do not lead the Court to the conclusion that the plaintiff should be compelled to undergo an independent psychological examination.

For purposes of evaluating damage awards for emotional distress, courts often group emotional distress claims into three categories:  "garden-variety, significant and egregious." *Thorsen v. County of Nassau*, 722 F. Supp. 2d 277, 292 (E.D.N.Y. 2010) (internal quotation marks omitted). Evidence of a garden-variety claim "is generally limited to the testimony of the plaintiff," whereas a significant emotional distress claim may be supported by "evidence of treatment by a healthcare professional and/or medication . . . ." *Id.* (internal quotation marks omitted). The defendants argue that since the plaintiff has received, and continues to receive,

treatment for her emotional distress, her claim must be considered to be more than a garden-variety emotional distress claim, and thus the plaintiff has placed her mental condition in controversy. While it may be true that what is classified as a significant emotional distress claim differs from a garden-variety claim, the fact remains that the standard articulated in *Gattegno*, which is the standard endorsed by the defendants, requires "a claim of unusually severe emotional distress." *Gattegno*, 204 F.R.D. at 231. The Court does not find the plaintiff's claim to be one of unusually severe emotional distress. The plaintiff herself has characterized her claim as "a 'garden variety' emotional distress claim," and has further acknowledged that she "has alleged neither a separate tort claim for emotional distress nor an allegation of ongoing severe mental injury." (Doc. # 81, at 5.) Here too the Court accepts and relies upon (and the plaintiff will be bound by) the plaintiff's representation that she is not alleging "ongoing severe mental injury." (*Id.*)

### IV. CONCLUSION

For the foregoing reasons, the Motion to Compel an Independent Psychological Examination (**doc. # 78**) is **DENIED.**

**SO ORDERED** this    18th      day of  December, 2012


_____/s/ DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE